Daniel J. Adelman (011368)
Chanele N. Reyes (034898)
Arizona Center for Law in the Public Interest
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85004
(602)248-8850
danny@aclpi.org
chanele@aclpi.org

David Kolker* (DC Bar # 394558)
Tara Malloy* (DC Bar # 988280)
Elizabeth D. Shimek* (WI Bar # 1095937)
Campaign Legal Center Action
1101 14th St., NW, Suite 400
Washington, DC 20005
(202)736-2200
dkolker@campaignlegalcenter.org
tmalloy@campaignlegalcenter.org
eshimek@campaignlegalcenter.org
*Appearing *Pro Hac Vice*

*Attorneys for Voters' Right to Know*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Americans for Prosperity**, et al., <br>                    Plaintiffs, <br><br>     vs. <br><br> **Damien R. Meyer**, in his official capacity as Chairman of the Citizens Clean Elections Commission, et al., <br>                    Defendants. | Case No. 2:23-CV-00470-ROS <br><br><br> **MOTION TO INTERVENE** <br><br> (Assigned to the <br>  Honorable Roslyn O. Silver) |

Voters' Right to Know ("VRTK"), the political action committee formed to support the Voters' Right to Know Act challenged in the litigation, respectfully requests that the Court grant VRTK intervention as a defendant as a matter of right in this action under Federal Rule of Civil Procedure 24(a)(2), or in the alternative, permit it to intervene

under Rule 24(b). In accordance with Fed. R. Civ. P. 24(c), this motion is accompanied by a proposed motion to dismiss for filing.

Counsel for VRTK have conferred with counsel for Plaintiffs Americans for Prosperity and Americans for Prosperity Foundation, who oppose VRTK's intervention. Counsel have also conferred with counsel for the Commissioners and Executive Director of the Citizens Clean Elections Commission, as well as the Arizona Secretary of State, and all of these defendants consent to this motion.

## I.   About the Voters' Right to Know Committee.

VRTK is a political action committee registered with the State of Arizona to support and pass the Voters' Right to Know Act ("VRTK Act").[1] *See* VRTK's "Stop Dark Money" Home Page, https://www.stopdarkmoney.com/ (last visited Apr. 25, 2023). That Act, also known as Proposition 211, was approved by the voters of Arizona on November 8, 2022 by a vote of 1,736,496 to 664,111, i.e., by 72.3% of the voting public.[2] VRTK drafted the language of Proposition 211, collected and submitted almost 400,000 signatures to place the initiative on the ballot, and successfully advocated for its passage.[3] Proposition 211 contains an explicit provision giving VRTK a right to intervene in any legal action challenging the law's validity. A.R.S. § 16-979(A). Given VRTK's interests

---

[1] *See See the Money: Voters' Right to Know*, Ariz. Sec'y of State, https://seethemoney.az.gov/Reporting/Explore#JurisdictionId=0|Page=11|startYear=2021|endYear=2022|IsLessActive=false|ShowOfficeHolder=false|View=Detail|Name=2~100542|TablePage=1|TableLength=10 (last visited Apr. 25, 2023) [hereinafter *See the Money*].

[2] *See* State of Arizona Official Canvass: 2022 General Election 12, Ariz. Sec. of State, (Dec. 5, 2022), https://azsos.gov/sites/default/files/2022Dec05_General_Election_Canvass_Web.pdf.

[3] *See Arizona Proposition 211, Campaign Finance Sources Disclosure Initiative (2022)*, Ballotpedia, https://ballotpedia.org/Arizona_Proposition_211,_Campaign_Finance_Sources_Disclosure_Initiative_(2022) (last visited Apr. 25, 2023); *see also* David Branccacio and Alex Schroeder, *What it takes to get a "dark money" initiative on the ballot*, Marketplace (Oct. 12, 2022), https://www.marketplace.org/2022/10/12/what-it-takes-to-get-a-dark-money-initiative-on-the-ballot/.

and the plain language of Proposition 211, VRTK has a right to intervene in this action under Rule 24(a).

## II.     VRTK Has a Right to Intervene.

"A public interest group [is] entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir.1983)). As a public interest group seeking to defend the proposition it drafted, placed on the ballot, and helped enact, VRTK is entitled as a matter of right to intervene in this suit under Fed. R. Civ. P. 24(a)(2).

To intervene as of right under Fed. R. Civ. P. 24(a)(2), applicants in the Ninth Circuit must satisfy a four-prong test: (1) the intervention application must be timely; (2) the applicant must have a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) the "disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) the existing parties may not adequately represent the applicant's interest. *Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011) (internal citations omitted). While the proposed intervenor bears the burden of demonstrating each of these elements, "the requirements for intervention are broadly interpreted in favor of intervention." *Prete*, 438 F.3d at 954 (internal quotation marks and citations omitted). "[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y*, 630 F.3d at 1177 (internal quotation marks and citations omitted).

VRTK's motion to intervene is timely. "Timeliness is a flexible concept; its determination is left to the district court's discretion." *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting *United States v. Alisal Water Corp*., 370 F.3d 915, 921 (9th Cir. 2004)). In determining whether a motion to intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of

the delay." *Id.* VRTK is moving to intervene at the earliest stage in this lawsuit, before any answers or other responsive pleadings have been filed. It is filing its proposed motion to dismiss on the same schedule as all other defendants herein. Intervening at this point will cause no delay or prejudice to the other parties.

VRTK has "significant protectable interest[s]" in defending the VRTK Act. "[F]or purposes of intervention as of right, a public interest group that has supported a measure (such as an initiative) has a significant protectable interest in defending the legality of the measure." *Prete*, 438 F.3d at 954 (internal quotation marks and citations omitted); *see also Sagebrush Rebellion,* 713 F.2d at 528. VRTK's primary purpose has been to bring greater transparency to election spending in Arizona by working to enact a new state disclosure law: Proposition 211. *See generally Why is it so important that we stop dark money in Arizona?*, VRTK's "Stop Dark Money" website, https://www.stopdarkmoney.com/why-stop-dark-money (last visited Apr. 25, 2023). In particular, VRTK was formed to place the VRTK Act on the ballot, support its passage, defend its constitutionality, and aid its implementation.[4] This action challenges the validity of the new law and therefore threatens VRTK's founding purpose and guiding mission.

Given its avowed purpose and demonstrated actions to accomplish its goals, VRTK has several protectable interests in this suit. *Smith v. Pangilinan,* 651 F.2d 1320, 1324 (9th Cir. 1981) (noting that potential intervenor "need not show that he has a legal or equitable interest in jeopardy" but merely that "he has a protectable interest in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action") (internal citations and quotation marks omitted); *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011). VRTK's interests include defending the constitutionality of Proposition 211, revealing the original sources of funds used to influence voters (commonly called "dark money"), representing the overwhelming majority of Arizona voters who supported this initiative, and helping the Court evaluate how the provisions of the new law will be applied in Arizona elections.

---

[4] *See See the Money*, *supra* note 1.

4

VRTK's ability to protect its significant interests in the VRTK Act will be impaired or impeded by disposition of this action. "The Ninth Circuit has held that an adverse court decision on a measure that a public interest group has supported may, as a practical matter, impair the interest held by the public interest group." *Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012); *Prete*, 438 F.3d at 954; *Sagebrush Rebellion*, 713 F.2d at 528. Here, an adverse decision would obviously impair VRTK's protectable interests in preserving and implementing Proposition 211.

In determining whether current parties will adequately represent an applicant's interests, courts consider several factors, including: "whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Prete*, 438 F.3d at 956; *Sagebrush Rebellion,* 713 F.2d at 528. "The burden of showing inadequacy of representation is minimal and is satisfied if the applicant shows that representation of its interests 'may be' inadequate. . . ." *Id.* (internal citations omitted). VRTK easily meets this minimal burden.

While VRTK and the current defendants share a general interest in defending the new law's constitutionality, VRTK "offers a perspective which differs materially from that of the present parties to this litigation" and provides "expertise apart from that of the [other Defendants]." *Sagebrush Rebellion*, 713 F.2d at 528.

First, as the drafter of Proposition 211, VRTK's expertise and perspective are distinct from the current defendants' and will add significant value as the Court evaluates the new law and how it will be applied. VRTK has unique knowledge about the dark money experience in Arizona that spurred development of the Act, the policy goals and legal considerations underlying the design and drafting of the Act, and the voter education and communication efforts that were key to passing Proposition 211. *See generally* VRTK's "Stop Dark Money" website, https://www.stopdarkmoney.com/why-stop-dark-money (last visited Apr. 25, 2023).

Second, the existing defendants—Commissioners on the Citizens Clean Elections Commission and the Secretary of State—are all government officials entrusted with the implementation and enforcement of the Act, *see* A.R.S. §§ 16-973(A), (B)(H); 16-974, 977, and their interests do not completely align with VRTK's interests. VRTK represents the interests of the overwhelming majority of Arizona voters who approved Proposition 211 and who now rely upon the defendants to make public the additional disclosures required by the Act. VRTK seeks to maximize the information to be made available to the public to enhance voters' ability to educate themselves and engage effectively in democratic decision-making. While the state defendants may broadly share these general goals, elected or appointed officials change with elections and administrations, and often face various pressures—budgetary, political, and administrative—that may cause them to have divergent interests from VRTK.

This potential divergence is underscored by provisions of the Act that anticipate that voters may on occasion engage in adversarial proceedings with the Commission. The Act empowers any qualified voter to file a complaint with the Commission against a person who has allegedly failed to comply with the Act. A.R.S. § 16-977(A). If the Commission dismisses such a complaint or fails to take substantive action on it, the complainant may bring a civil action against the Commission for failing to enforce the law. A.R.S. § 16-977(C). The interests of the existing defendants and VRTK thus may diverge significantly with respect to these provisions. Indeed, Plaintiffs' Complaint alleges (Compl. ¶ 40) that this citizen suit provision "empowers partisan advocacy groups to weaponize Proposition 211 to go after adversaries." Plaintiffs also allege (*id*. ¶ 80) that this provision means that "innumerable private enforcers . . . may exert pressure on the Commission or urge a judge to 'compel' the Commission go after any disfavored speaker." VRTK clearly has an interest in interpreting and defending this provision that differs from the Commission's.

Finally, Arizona citizens overwhelmingly approved and recognized VRTK's special role in defending the Act when they voted to provide VRTK the right to intervene

in any legal action challenging the validity of Proposition 211. A.R.S. § 16-979(A).[5] This approval provides additional evidence that the people of Arizona believe that VRTK can provide additional perspective and expertise in any lawsuit challenging the Act.

### III.   VRTK Also Satisfies the Requirements for Permissive Intervention Under Rule 24(b).

In the alternative, Rule 24(b)(1)(B) authorizes the Court to permit VRTK to intervene. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (citation omitted). "The district court is given broad discretion to make this determination." *Perry v. Schwarzenegger,* 630 F.3d 898, 905 (9th Cir. 2011). *See also Arizonans for Fair Elections*, 335 F.R.D. at 276. A party need not satisfy both Rule 24(b)(1) and 24(b)(2); they are alternatives. But here, VRTK satisfies both conditions.

Rule 24(b)(1)(B) allows "anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." VRTK's defense of Proposition 211 will rely on common questions about the dangers of "dark money," the meaning and scope of the Act's provisions, the benefits and alleged burdens of the new law, and the proper standard for reviewing the law's constitutionality.

---

[5] New A.R.S. § 16-979(A) states: "A political action committee formed to support the Voters' Right to Know Act or any of that committee's officers may intervene as of right in any legal action brought to challenge the validity of this chapter or any of its provisions." There is no question that VRTK is such a committee.

Although VRTK recognizes that Fed. R. Civ. P. Rule 24(a)(1) does not specifically recognize a right to intervene provided by a *state* statute, the Act itself provides a right for VRTK to intervene in "any legal action" challenging the Act. Federal courts should give great weight to this unambiguous voter intent when evaluating VRTK's interest in intervention and other defendants' ability to protect those interests and provide the same perspective. *See also* 28 U.S.C. § 1652 ("The laws of the several states . . . shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71 (1938).

In deciding whether to permit intervention, courts consider:

[T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena Bd. of Educ*., 552 F.2d 1326, 1329 (9th Cir. 1977); *see also Arizonans for Fair Elections*, 335 F.R.D. at 276.

As discussed in *supra* Part II, all those factors weigh in support of permitting VRTK to intervene. VRTK's prompt motion to intervene will not delay the litigation. The Act's express right of intervention for VRTK, along with its role in creating the law, clearly demonstrates the committee's standing and interests in defending the Act. VRTK's unique knowledge about the history and objectives of the Act will "contribute to full development of the underlying factual issues" and bring an important perspective not adequately represented by the existing government defendants. As the author and chief advocate of Proposition 211, VRTK is uniquely qualified to aid the equitable adjudication of the legal questions presented.

**IV.    Conclusion**

The Court should grant VRTK's motion to intervene.

1    DATED this 28th day of April, 2023.

2

3                                          ARIZONA CENTER FOR LAW IN
                                           THE PUBLIC INTEREST
4

5                                          Daniel J. Adelman
                                           Chanele N. Reyes
6                                          352 E. Camelback Rd., Suite 200
                                           Phoenix, AZ  85012
7
                                           CAMPAIGN LEGAL CENTER ACTION
8
                                           */s/* Tara Malloy
9                                          David Kolker (*pro hac vice*)
                                           Tara Malloy (*pro hac vice*)
10                                         Elizabeth D. Shimek (*pro hac vice*)
                                           1101 14th St., NW, Suite 400
11                                         Washington, DC 20005
12
                                           *Attorneys for Voters' Right to Know*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28