**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Alexander W. Samuels (Bar No. 028926)
Nathan T. Arrowsmith (Bar No. 031165)
Shannon Hawley Mataele (No. 029066)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
Phone: (602) 542-3333
Alexander.Samuels@azag.gov
Nathan.Arrowsmith@azag.gov
Shannon.Mataele@azag.gov
ACL@azag.gov

*Attorneys for Proposed Intervenor*
*Arizona Attorney General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Americans for Prosperity; Americans for Prosperity Foundation,<br><br>Plaintiffs,<br>v.<br><br>Damien R. Meyer, in his official capacity as Chairman of the Citizens Clean Elections Commission; *et al.*,<br><br>Defendants, | No. 2:23-cv-00470-ROS<br><br>**ARIZONA ATTORNEY GENERAL'S CORRECTED UNOPPOSED MOTION TO INTERVENE**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

Arizona Attorney General Kristin K. Mayes respectfully moves to intervene in this matter to defend the constitutionality of the Voters' Right to Know Act (Proposition 211), enacted by Arizona voters last year and codified at A.R.S. § 16-971 *et seq.* Counsel for Plaintiffs and counsel for Defendants have all stated that they will not oppose the Attorney

General's intervention. The Court should grant intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, alternatively, with permission under Rule 24(b).

## I.     The Attorney General Has a Right to Intervene.

A court must permit intervention where a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Courts in the Ninth Circuit employ a four-part test when analyzing intervention of right:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). These requirements are construed "broadly in favor of proposed intervenors" because "a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Id.* at 1179 (citations and internal quotation marks omitted).

First, this motion is timely because litigation has just begun. Plaintiffs' complaint was filed on March 17, 2023 and Defendants only filed their first responsive pleading days ago on April 28th. The Attorney General's intervention at this stage would not prejudice any party, as evidenced by the lack of objection from Plaintiffs and Defendants.

Second, the Attorney General has a uniquely significant interest in defending the constitutionality of the state law at issue and Arizona has "long considered the Attorney General to be a key player in litigation concerning a statute's constitutionality." *State ex*

*rel. Woods v. Block*, 189 Ariz. 269, 272 (1997). Under Arizona law, a plaintiff challenging the constitutionality of a statute must serve the Attorney General with the complaint and with "a notice of claim of unconstitutionality." A.R.S. § 12-1841(A), (B). Plaintiffs did so in this case. Exhibit 1. That same law provides that the Attorney General has an unconditional right to intervene as a defendant and to be heard "[i]n *any* proceeding in which a state statute … is alleged to be unconstitutional." A.R.S. § 12-1841(A), (D) (emphasis added). As Judge Rayes recently explained, this right to intervene is not limited to state court proceedings: "Any means any." *Isaacson v. Mayes*, No. 21-cv-01417-PHX-DLR, 2023 WL 2403519, at *2 (D. Ariz. Mar. 8, 2023).

Third, given the Attorney General's manifest interest in defending the constitutionality of state statutes, this interest would be impaired were this request to intervene to be denied and the case to be resolved without her input. *See Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022) ("[F]ederal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law"); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (stating that where proposed intervenor has established a protectable interest, court has "little difficulty concluding that the disposition of this case may, as a practical matter, affect" their interest).

Fourth, while the interests of the Attorney General overlap in part with the agency Defendants, the Defendants represent only the interests of their individual agencies, whereas the Attorney General is uniquely responsible for protecting the legal interests of the entire State of Arizona. *See, e.g.*, A.R.S. § 41-193(A)(3) (providing that the Attorney General "shall . . . [r]epresent *this state* in any action in a federal court") (emphasis added). The Attorney General therefore offers a somewhat different and broader perspective. *See Berger*, 142 S. Ct. at 2202 ("Permitting the participation of lawfully authorized state agents promotes informed federal-court decision-making and avoids the risk of setting aside duly enacted state law based on an incomplete understanding of relevant state

interests."); *id.* at 2203–04 (explaining that different state agencies may have interests that are related but not identical).[1]

For these reasons, the Court should grant the Attorney General's motion to intervene as of right.

## II. Permissive Intervention

Even if intervention were not mandated here, permissive intervention by the Attorney General is warranted under Federal Rule of Civil Procedure 24(b)(2). "On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The district court is given broad discretion to make this determination." *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

In considering requests for permissive intervention, federal courts must give special consideration to the unique interests of a state's duly authorized legal representative. In *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, the United States Supreme Court reversed the Sixth Circuit's decision to deny permissive intervention to the Kentucky Attorney General after another state agency defending a state law decided not to pursue an appeal. 142 S. Ct. 1002 (2022). The Supreme Court stated that, in denying intervention, the Circuit Court had "failed to account for the strength of the [] attorney general's interest in taking up the defense of [a state statute]." *Id.* at 1012. The Court recognized that "although the [Kentucky] secretary for Health and Family Services apparently enjoyed the authority under state law to defend the constitutionality of [the law], the secretary shared that authority with the attorney general." *Id.* at 1011. The Court noted that, in defending state law, a state attorney general "asserts a substantial legal interest that sounds in deeper, constitutional considerations." *Id.* at 1010.

---

[1] Recognizing that the Attorney General's interests and positions may overlap in part with those of the Defendants, the Attorney General intends to coordinate with the Defendants to avoid duplication and conserve judicial resources. For example, the Attorney General has included with this motion a proposed Motion to Dismiss, which was drafted after reviewing the Motions prepared by the Defendants.

Accordingly, the Court reasoned, "[r]espect for state sovereignty must also take into account the authority of a State to structure its executive branch in a way that empowers multiple officials to defend its sovereign interests in federal court." *Id.* at 1011.

Similarly here, as outlined above, the Attorney General is specifically charged with representing the State in federal court and with defending the constitutionality of state law. Further, permitting the Attorney General's intervention at this stage of the proceedings, with no party objecting, would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. Conclusion[2]

This Court should grant the Attorney General's motion to intervene as of right under Rule 24(a)(2), or, alternatively, with permission under Rule 24(b)(2).

RESPECTFULLY SUBMITTED this 3rd day of May, 2023.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By: */s/ Nathan T. Arrowsmith*

Alexander W. Samuels
***Principal Deputy Solicitor General***
Nathan T. Arrowsmith
***Senior Litigation Counsel***
Shannon Hawley Mataele
***Assistant Attorney General***
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-3333
Alexander.Samuels@azag.gov
Nathan.Arrowsmith@azag.gov
Shannon.Mataele@azag.gov
ACL@azag.gov

*Attorneys for Proposed Intervenor Arizona Attorney General*

---

[2] Even if the Arizona Attorney General is not permitted to intervene as a defendant, she respectfully requests permission to "file briefs in the matter," as authorized under A.R.S. § 12-1841(D).