**GREENBERG TRAURIG, LLP**
Dominic E. Draye (AZ Bar No. 033012)
   drayed@gtlaw.com
2375 E. Camelback Rd., Suite 800
Phoenix, AZ 85016
(602) 445-8425

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Derek L. Shaffer (DC Bar No. 478775)*
   derekshaffer@quinnemanuel.com
John F. Bash, III  (DC Bar No. 988874)*
   johnbash@quinnemanuel.com
Jonathan G. Cooper (DC Bar No. 999764)*
   jonathancooper@quinnemanuel.com
Paul D. Henderson (DC Bar No. 1644366)*
   paulhenderson@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
*Admitted *pro hac vice*

Attorneys for Plaintiffs
Americans for Prosperity &
Americans for Prosperity Foundation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Americans for Prosperity**, et al.,<br><br>     Plaintiffs,<br>v.<br>**Damien R. Meyer**, et al.,<br>     Defendants. | No. 2:23-cv-00470-ROS<br><br>**PLAINTIFFS' OPPOSITION TO VOTERS' RIGHT TO KNOW'S MOTION TO INTERVENE** |

Plaintiffs Americans for Prosperity ("AFP") and Americans for Prosperity Foundation ("AFPF") respectfully submit this opposition to the motion to intervene ("Mot.") filed by the Voters' Right to Know (Dkt. 22).

**PRELIMINARY STATEMENT**

When Voters' Right to Know ("VRTK") "drafted the language of Proposition 211," Mot. 2, it granted authority to implement, enforce, and defend that law to Arizona's Citizens Clean Elections Commission (the "Commission") and Secretary of State (the "Secretary"). When Plaintiffs filed suit challenging Proposition 211, VRTK's chosen delegates came to the law's defense, just as intended, and moved to dismiss the suit. Although that motion should be denied on the merits for the reasons set forth in Plaintiffs' Omnibus Opposition to Motions to Dismiss, there can be no doubt that the Commission and Secretary are mounting a spirited defense of Proposition 211. Atop that, the Attorney General of Arizona has separately moved to intervene (which Plaintiffs do not oppose, Dkt. 28). Nevertheless, VRTK now asks to intervene, as if the Commission, the Secretary, and the Attorney General cannot do the job. One wonders how many advocates are necessary to mount an adequate defense of Proposition 211's constitutionality.

There comes a point when an additional intervenor will only complicate, not illuminate. VRTK's proposed additional intervention crosses that line. The Court should deny its request because VRTK's interests are more than adequately represented and an additional intervenor will unduly encumber and prolong the proceedings. Although

1

Proposition 211 purports to grant VRTK the right to intervene, Ariz. Stat. § 16-979(A), a *state* law cannot confer a *federal* right to intervene in federal proceedings under Federal Rule of Civil Procedure 24(a)(1), as VRTK itself acknowledges. Mot. 7 n.5; *see* Fed. R. Civ. P. 24(a)(1) (providing the right to intervene where conferred by "*federal* statute") (emphasis added).

Nor does VRTK have a right to intervene under Rule 24(a)(2). That Rule requires VRTK to establish both that it has "an interest" at risk of being "impair[ed] or impede[d]," and that "existing parties" do not "adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). VRTK fails to make the requisite "'very compelling showing' that the government will not adequately represent its interest." *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). As noted, the Commission and Secretary share the same "ultimate objective" of upholding Proposition 211 and have "already vigorously defended" the law in this case. *Gonzalez v. Arizona*, 2006 WL 2246365, at *1 (D. Ariz. Aug. 2, 2006), *aff'd*, 485 F.3d at 1041. Were that not enough, the Attorney General has *separately* moved to intervene in defense of the law, and Plaintiffs assent to *that*. Dkt. 28. By comparison, VRTK fails to assert any distinct interests. Having drafted Proposition 211 to delegate relevant authority to the Commission and Secretary, each of which is defending the law here, VRTK has no uniquely cognizable interests of its own. To be sure, VRTK asserts it has interests in "defending the constitutionality of Proposition 211," "revealing the original sources of funds used to influence voters," "representing the overwhelming majority of Arizona voters who supported this initiative," and "helping the Court evaluate how the

provisions of the new law will be applied in Arizona elections." Mot. 4. But these purported interests are indistinguishable from those of the broader public and of the Commission itself.

The Court should likewise deny VRTK's request for permissive intervention under Rule 24(b). VRTK's intervention threatens to bog down the case—as shown in the palpable overlap between the motions to dismiss lodged by the Commission, by the Attorney General, and by VRTK. Permitting VRTK to intervene will simply treble the number of pages and briefs that one side is deploying to make the same substantive arguments. The upshot would compound burdens and expenses—even as Plaintiffs are denied any possible means of recovering the additional fees they incur litigating against VRTK as a non-government entity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) provides a right to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2).

Under Federal Rule of Civil Procedure 24(b), this Court may permit intervention at its discretion when the proposed intervenor "is given a conditional right to intervene by a federal statute," Fed. R. Civ. Pro. 24(b)(1)(A); or "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. Pro. 24(b)(1)(B).

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

**ARGUMENT**

**I.    VRTK Does Not Have A Right To Intervene Under Rule 24(a).**

VRTK fails to satisfy all of the criteria to invoke intervention as of right under Rule 24(a)(2).[1]  Under that provision, an applicant must:

> (1) "[o]n timely motion," (2) "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (3) "unless existing parties adequately represent that interest."

*Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2200–01 (2022) (quoting Fed. R. Civ. Pro. 24(a)(2)).  Notably, "[a]n applicant's '[f]ailure to satisfy *any one* of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied.'" *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009)) (emphasis added).

---

[1] Although Ariz. Stat. § 16-979(A) purports to give VRTK the right to intervene in cases challenging Proposition 211's validity, no such *state* statute can create a *federal* right to intervene under Rule 24(a)(1), as VRTK acknowledges.  *See* Mot. 7 n.5; Fed. R. Civ. P. 24(a)(1) (providing the right to intervene where permitted unconditionally by "*federal* statute") (emphasis added); *Miracle v. Hobbs*, 333 F.R.D. 151, 153 n.3 (D. Ariz. Sept. 20, 2019) ("Proposed Intervenors must still satisfy the requirements for intervention under Rule 24 and cannot use A.R.S. 12-1841(A) to circumvent the Federal Rules of Civil Procedure.").

4

Because the existing parties "adequately represent" VRTK's interests, intervention under Rule 24(a)(2) should be foreclosed. In assessing adequate representation, the Court considers several factors, including whether a present party will "make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Gonzalez*, 2006 WL 2246365, at *1.

"Where 'the government is acting on behalf of a constituency it represents,'" the Court must "assume[] that the government will adequately represent that constituency." *Gonzalez*, 485 F.3d at 1052 (quoting *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006)). "In order to overcome this presumption, the would-be intervenor must make a 'very compelling showing' that the government will not adequately represent its interest." *Gonzalez*, 485 F.3d at 1052 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). This showing requires "a demonstration that the 'government will abandon or concede a potentially meritorious reading of the statute.'" *Gonzalez*, 2006 WL 2246365, at *1 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).[2]

---

[2] In *Berger v. N.C. State Conf. of the NAACP*, the Supreme Court held that "a presumption of adequate representation is inappropriate when a duly authorized *state agent* seeks to intervene to defend a state law." 142 S. Ct. 2191, 2204 (2022) (emphasis added). But the Court clarified that it did "not decide whether a presumption of adequate representation might sometimes be appropriate when a *private litigant* seeks to defend a law alongside the government or in any other circumstance," *id.* (emphasis added), leaving the Ninth Circuit's controlling precedent undisturbed.

5

This Court's denial of intervention in *Gonzalez v. Arizona* is illustrative. There, Plaintiffs sued Arizona and its officials to challenge Proposition 200, which required identification for voting and voter registration. *Gonzalez v. Arizona*, 2006 WL 3627297, at *1–*2 (D. Ariz. Sept. 11, 2006), *aff'd*, 485 F.3d at 1041. One day after the Court denied a temporary restraining order, the "ballot initiative political committee known as Yes on Proposition 200," as well as the committee's chairman, "sought leave to intervene." *Gonzalez*, 2006 WL 2246365, at *1. This Court denied leave, however, finding the applicants had "not presented adequate evidence that the existing defendants 'may not adequately represent [their] interest.'" *Id.* (quoting *Prete,* 438 F.3d at 954). This Court emphasized that the state defendants "ha[d] already vigorously defended Proposition 200," and that the "state defendant's ultimate objective [wa]s a favorable ruling on the legality of Proposition 200," which was "the same objective as the proposed-intervenors." *Id.* Given that there was "no indication that the State defendants [would] 'abandon or concede a potentially meritorious reading of the statute,'" this Court held that the proposed intervenors "ha[d] not satisfied the requirements for intervention as a matter of right." *Id.* (quoting *California ex rel. Lockyer*, 450 F.3d at 444). On appeal, the Ninth Circuit affirmed, emphasizing that circuit precedent requires "would-be intervenors" to make a "'very compelling showing' that the government will not adequately represent its interest." *Gonzalez*, 485 F.3d at 1052.

VRTK makes no such showing here. Like in *Gonzalez*, the full panoply of Arizona's governmental interests is already represented in this case. *Both* the Commission *and* the Secretary of State are Defendants, and they have been vested with

6

the authority to implement and enforce the law drafted by VRTK. Further joining the defense is Arizona's Attorney General—who submits she is "uniquely responsible for protecting the legal interests of the *entire* State of Arizona," Dkt. 28 at 3 (emphasis added)—via an unopposed motion to intervene. *Id.* As in *Gonzalez*, "the state defendants[]" have the same "ultimate objective" as proposed-intervenor VRTK: "a favorable ruling on the legality of Proposition [211]." *Gonzalez*, 2006 WL 2246365, at *1. Moreover, given that the state defendants are "vigorously defend[ing]" Proposition 211 from the beginning, there is not the slightest indication that any of them, much less all of them, will "'abandon or concede [any] potentially meritorious reading of the statute.'" *Id.* (quoting *California ex rel. Lockyer*, 450 F.3d at 444).

To address this, VRTK cites *Prete v. Bradbury*, but that case undercuts its position. In *Prete*, the Ninth Circuit ultimately held that "intervenor-defendants *failed* to present evidence sufficient to support a finding that their interests are not adequately represented by the defendant in this action," 438 F.3d at 959 (emphasis added), which VRTK fails to mention. There, the plaintiffs challenged the constitutionality of Oregon Ballot Measure 26, which regulated the payment of electoral petition signature gatherers. *Id.* at 951. Six days later, the Oregon AFL-CIO and its president (who was the chief petitioner for Measure 26) moved to intervene. *Id.* at 952–53.

After the district court granted intervention, the Ninth Circuit held this was error for several reasons.[3] *Id.* at 959. First, the Ninth Circuit determined that "the ultimate

---

[3] The Ninth Circuit ultimately affirmed after finding the error was harmless.

7

objective for both defendant and intervenor-defendants [wa]s upholding the validity of Measure 26," thereby establishing "a presumption . . . that defendant [was] adequately representing intervenor-defendants' interests." *Id.* at 957. Second, the court concluded that proposed intervenors proffered "no evidence" that defendant was "unable to mount an effective defense of Measure 26 due to alleged 'budget constraints.'" *Id.* Third, the Ninth Circuit dismissed concerns that the law would be given a narrow interpretation, as "neither plaintiffs nor defendant ha[d] argued" for one, and "Measure 26 d[id] not seem susceptible to any narrowing construction." *Id.* at 958. Finally, the court rejected the intervenors' argument that they were providing unique expertise, because intervenors provided "no evidence to support their speculation that the Secretary of State lacks comparable expertise" and the "defendant presumably [wa]s sufficiently acquainted with the signature gathering process and could also acquire additional specialized knowledge through discovery . . . or through the use of experts." *Id.*

As in *Prete*, VRTK posits hypothetical concerns unattended by concrete evidence, which cannot overcome the presumption that its interests are adequately represented. VRTK cites possible "change[s] with elections and administrations"; unsubstantiated "pressures—budgetary, political, and administrative" that the government entities may face; and potential voter adversity to the Commission. Mot. 6. But the Commission is an independent entity, bound by Proposition 211's strictures and balanced along political party lines, thereby designedly insulating against outside pressures. And *Prete* rejected similar arguments that "budget constraints" would hamper representation, noting such *Prete*, 438 F.3d at 960.

pressures apply to "[v]irtually all government[]" actors. 438 F.3d at 957. As the court explained, if pressures common to government actors "were sufficient to establish inadequate representation," then "it would eliminate the presumption of adequate representation when the government and the intervenor-applicant share the same interest." *Id.* Particularly when "there is no evidence in the record that defendant is unable to mount an effective defense," such generalized concerns do not translate to a "compelling showing of inadequate representation." *Id.* And they certainly cannot carry the day in a case like this, where the state Attorney General has separately moved to intervene as an additional, independent guarantor of zealous defense.

VRTK also touts its "additional perspective and expertise," Mot. 7, and "unique knowledge about the dark money experience in Arizona that spurred development of the Act, the policy goals and legal considerations underlying the design and drafting of the Act, and the voter education and communication efforts that were key to passing Proposition 211." Mot. 5. But the Ninth Circuit rejected similar arguments in *Prete*. As noted, the intervenors there asserted "particular expertise in the subject of the dispute"— "signature gathering campaign[s] staffed by hourly circulators." 438 F.3d at 958.

The Ninth Circuit rejected such an argument as "insufficient." *Id.* The court emphasized that the defendant—Oregon's Secretary of State—was "undoubtedly familiar with the initiative process and the requisite signature-gathering," was "the government party responsible for counting the signatures," and "administers Oregon's election processes and promulgates regulations to give effect to the state's election statutes." *Id.* So too here: The Secretary and the Commission are "undoubtedly familiar" with the

Arizona campaign finance laws they are tasked with "administer[ing]," including through "promulgat[ing] regulations." *Id.*; *see, e.g.*, Ariz. Stat. §§ 16-128, 16-955. Given that VRTK has "provided no evidence to support [its] speculation that the [Defendants] lack[] comparable expertise" and that Defendants "could also acquire additional specialized knowledge through discovery . . . or through the use of experts," *id.*, VRTK fails to make a "compelling showing" that its interests will not be adequately represented.

Nor is there any "indication that the State defendants will 'abandon or concede a potentially meritorious reading of the statute.'" *Gonzalez*, 2006 WL 2246365, at *1 (quoting *California ex rel. Lockyer*, 450 F.3d at 444); *see also Prete*, 438 F.3d at 958 (rejecting intervenors' argument that "defendant 'may be inclined [to] give an unnecessarily narrow construction of Measure 26'" because neither party "had argued for a narrowing construction," and Measure 26 did "not seem susceptible to any narrowing construction"). To the contrary, Defendants and the Attorney General are collectively offering a vigorous defense of Proposition 211 in this case. In particular; Defendants have already filed a motion to dismiss while the Attorney General has filed a proposed motion to dismiss, both of which vigorously (albeit erroneously) defend Proposition 211's validity. Critically, VRTK's motion does not include any argument that Defendants have or will attempt to narrow the reach of Proposition 211 in this case. In any event, Defendants are fully capable of making all arguments in defense of the law throughout the course of this litigation.

Finally, VRTK's reliance on *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) is just as misplaced as its reliance on *Prete*. As the Ninth Circuit explained in

*Gonzalez*, "*Sagebrush Rebellion* is not analogous to this case," as it "turn[ed] on the lack of any real adversarial relationship between the plaintiffs and the defendants." *Gonzalez*, 485 F.3d at 1052. "That is not the situation here. Nothing in the record before us suggests that defendants are unwilling or unable to defend Proposition 2[11]." *Id.* Because VRTK has failed to make the necessary "'very compelling showing' that the government will not adequately represent its interest," this Court should deny its motion to intervene under Rule 24(a)(2). *Gonzalez*, 485 F.3d at 1052 (quoting *Arakaki*, 324 F.3d at 1086).

Although "[s]ome [states] have chosen to authorize multiple officials to defend their practical interests in cases like these," *Berger*, 142 S. Ct at 2197, this is not such a case. Here, VRTK is not a coordinate branch of government; it is a private litigant. As a political action committee, it retains no special authority under Proposition 211 beyond its purported right of intervention, which is inapplicable as explained above. Apart from that, VRTK's only purported rights are the same ones retained by *all* qualified voters in the State of Arizona, *see* Ariz. Stat. § 16-977(A). Notably, Plaintiffs have not opposed the Attorney General's motion to intervene, in recognition of the interests she represents as an agent of the state. But VRTK is on different footing; it has no significant protectable interest in the instant suit that could plausibly be at risk amidst the array of governmental defenders.

**II.     This Court Should Not Permit VRTK To Intervene Under Rule 24(b).**

"Deciding whether to grant permissive intervention 'is directed to the sound discretion of the district court.'" *Gonzalez*, 2006 WL 2246365, at *2 (quoting *San Jose*

*Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999)). This Court has good reason to exercise its discretion by denying intervention here. "[C]ourts consider a number of factors in deciding whether to permit intervention, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry*, 630 F.3d at 905 (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

As noted above, VRTK's interests are already adequately (indeed, amply) represented by the other parties involved. Unsurprisingly, VRTK offers "no new evidence or arguments to introduce into the case" beyond those advanced by Defendants and the Attorney General. *Perry*, 630 F.3d at 906. Granting intervention in these circumstances would needlessly complicate and unduly prolong this litigation by specially empowering the defense to file prolix, trebled submissions.[4]

---

[4] Even assuming VRTK might later seek relief that is different than what Defendant urge, it would then lack "standing to raise [the] relevant legal issues." *Perry*, 630 F.3d at 905 (quoting *Spangler*, 552 F.2d at 1329). While standing is not required for "intervenors that seek the same relief sought by" existing parties, intervenors "that seek relief that is broader than or different from the relief sought by existing parties to the case must possess constitutional standing." *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022). As already noted, however, VRTK asserts only "generalized grievances" in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992) (quotation omitted); *see* Mot. 4 (asserting interests in "defending the constitutionality of Proposition 211," "revealing the original sources of funds used to influence voters," "representing the overwhelming majority of Arizona voters who supported this initiative," and "helping the Court evaluate how the provisions

This needless overlap is illustrated by the repetition between Defendants' motion to dismiss and VRTK's proposed motion to dismiss (not to mention the Attorney General's proposed motion to dismiss). As detailed in Plaintiffs' Omnibus Opposition to Motions to Dismiss, both motions:

- falsely equate Proposition 211 with very different electioneering laws that have been upheld, Dkt. 23 at 9; Dkt. 22-2 at 7, 11;

- incorrectly characterize Proposition 211 as a mere disclosure requirement, Dkt. 23 at 6; Dkt. 22-2 at 5–6;

- argue that the opt-out procedures reflect adequate tailoring of the law, without considering the burdens they impose, Dkt. 23 at 6; Dkt. 22-2 at 7–8;

- fault Plaintiffs' facial challenge, characterizing Plaintiffs' concerns as "fanciful hypotheticals," Dkt. 23 at 10, and "imaginary," Dkt. 22-2 at 4;

- advance an identical, counter-textual interpretation of Proposition 211's "other partisan campaign activity" trigger, Dkt. 23 at 10–11; Dkt. 22-2 at 11;

- invoke the same inapt Chamber of Commerce comparison to justify the law's union carve-out, Dkt. 23 at 12; Dkt. 22-2 at 13;

- criticize the Complaint's reliance on *Bonta*, Dkt. 23 at 15 n.8; Dkt. 22-2 at 17;

- ignore the concrete factual allegations that Plaintiffs made in their as-applied challenge, Dkt. 23 at 15; Dkt. 22-2 at 16.

---

of the new law will be applied in Arizona elections"). These do not constitute a concrete injury required for Article III standing, because "the [alleged] impact on [VRTK] is plainly undifferentiated and common to all members of the public," *Lujan*, 504 U.S. at 575 (quotation omitted).

13

This overlap well confirms what the Court should naturally expect—VRTK will make no meaningful additional contributions to the case beyond sheer number of pages.  Instead, the requested intervention will simply provide one side with three-times the number of pages and sets of counsel to respond to Plaintiffs each time, resulting in an unfair advantage.  Even assuming Plaintiffs would be granted corresponding page extensions, that will only further burden this Court.

Making matters worse, Plaintiffs will not be able to recover fees expended for any needless proliferation of briefing, as VRTK is not a government defendant.  That poses unfair costs for Plaintiffs and undermines the purposes of 42 U.S.C. § 1988.  In drafting Proposition 211, VRTK delegated authority under the law to the Commission and the Secretary—and the Commission and the Secretary are now here to defend the law, as they must.  Given "the state defendants' ability to represent the proposed-intervenors' positions, and judicial economy concerns regarding the multiplication of proceedings," *Gonzalez*, 2006 WL 2246365 at *2, VRTK lacks good grounds for participating as an additional intervenor.

## CONCLUSION

The Court should deny VRTK's motion to intervene.

DATED this 1st day of June, 2023.

| GREENBERG TRAURIG, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| */s/ Dominic E. Draye*<br>Dominic E. Draye<br>drayed@gtlaw.com<br>2375 E. Camelback Rd., Suite 800<br>Phoenix, AZ 85016<br>(602) 445-8425 | */s/ Derek L. Shaffer*<br>Derek L. Shaffer*<br>derekshaffer@quinnemanuel.com<br>John F. Bash, III*<br>johnbash@quinnemanuel.com<br>Jonathan G. Cooper*<br>jonathancooper@quinnemanuel.com<br>Paul D. Henderson*<br>paulhenderson@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br><br>*Admitted *pro hac vice* |

Attorneys for Plaintiffs
Americans for Prosperity &
Americans for Prosperity Foundation