IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Americans for Prosperity, et al., | No. CV-23-00470-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Damien R Meyer, et al., | |
| Defendants. | |

Plaintiffs seek leave to file an omnibus opposition to the three motions to dismiss that have been filed or lodged. (Doc. 32). Plaintiffs waited until the date their opposition was due to seek leave and Plaintiffs' motion states one of the defendants and the two proposed intervenors indicated they would oppose the motion. Defendants and the proposed intervenors filed responses, stating their position was not accurately described by Plaintiffs. Defendants and proposed intervenors state they informed Plaintiffs they would not oppose the motion to file an omnibus response if Plaintiffs would agree the replies could exceed the presumptive page limits. Apparently, Plaintiffs would not agree to that condition.

The Court will grant Plaintiffs' motion but, in the future, parties should take care to represent accurately the opposing parties' positions in motions of this type. In this situation, Plaintiffs' failure to accurately describe the lack of opposition created needless work because Defendants and the proposed intervenors had to file responses setting forth their actual positions. Any future instance of creating needless work for the opposing side

may result in the imposition of sanctions.

In addition, Plaintiffs should have filed their motion to file an omnibus response prior to the deadline. Plaintiffs were aware of the need to file such a motion long before doing so. Thus, it appears Plaintiffs attempted to time the filing of their motion such that the Court would have no meaningful alternative other than accepting the omnibus response. However, if Defendants and proposed intervenors had opposed Plaintiffs' motion, it is very likely the Court would not have allowed the omnibus response. Such a ruling would have required Plaintiffs file separate responses on an extremely short schedule. Therefore, to the extent possible, all parties should confer with opposing parties and seek relief from the Court as soon as it is clear such relief will be sought.

Finally, Defendants and proposed intervenors seek an extension of time to file their replies. Plaintiffs do not oppose. Therefore, the extension will be granted.

Accordingly,

**IT IS ORDERED** the Motion for Leave to File Omnibus Opposition (Doc. 32) is **GRANTED**. The Clerk of Court shall file the lodged opposition (Doc. 33).

**IT IS FURTHER ORDERED** the Motion for Extension of Time (Doc. 34) is **GRANTED**. The replies to the following shall be filed no later than **June 29, 2023**: Voters' Right to Know's Motion to Intervene (Doc. 22); Proposed Intervenor Voters' Right to Know's Motion to Dismiss (Doc. 22-2); Defendants Damien R. Meyer, Amy B. Chan, Galen D. Paton, Mark Kimble, Steve M. Titla, and Thomas M. Collins' Motion to Dismiss (Doc. 23); Arizona Secretary of State Adrian Fontes' Joinder in the Clean Elections Commission Defendants' Motion to Dismiss (Doc. 25); and the Arizona Attorney General's Motion to Dismiss (Doc. 28-2).

…

…

…

…

…

1  **IT IS FURTHER ORDERED** the replies in support of the motions to dismiss shall
2  be no longer than fifteen pages, excluding caption and signature pages.
3  Dated this 7th day of June, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge